[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution of marriage action went to judgment on August 20, 1995 (Kenefick, J.). The judgment of the court incorporated the separation agreement of the parties including the provision for child support in the amount of $150.00 per week. The judgment recites "the court deviates from Connecticut Guidelines for child support based on a $25,000.00 earning capacity for the defendant." CT Page 14679
On August 19, 1999 the plaintiff filed a motion to modify child support claiming a substantial change in circumstances viz: that the defendant has not provided daycare for the children after school as represented at the time of the dissolution and therefore her cost for daycare have substantially increased.
Pursuant to General Statutes § 46b-215a, in June of 1999 the Commission on Child Support Guidelines issued current child support guidelines to be effective August 1, 1999. The defendant argues that application of the 1999 child support guidelines would result in a child support order of $119.00 per week versus the $150.00 per week in effect. He correctly maintains that $119.00 per week figure deviates from the current order of $150.00 by more than 15%. He argues that pursuant to General Statutes § 46b-86a there is a rebuttable presumption that any deviation of 15% or more from the guidelines is substantial. The defendant therefore seeks a reduction in his order. Defendant admits that under the current child support guidelines in addition to the $119.00 weekly order, he would be obligated to pay a child care contribution toward the cost of qualifying child care of $11.00, for a total weekly current order of $130.00 (not including a medical expense contribution). The defendant also concedes that the $130.00 figure is within 15% of the current order and therefore he would be unable to take advantage of the presumption of the substantial change in circumstance if the child support order is to include child care. He claims the proper calculation is to compare the support figure of $119.00 only to the $150.00 now in effect.
Plaintiff argues that once a child support order entered based upon deviation criteria, the child support guidelines should never in the future be applied. Counsel asked for and was given time to file a memorandum in support of this argument.
The court does not have to get to the issue raised by the plaintiff. The "deviation" from the guidelines was the fact that the child support was based upon the earning capacity of the defendant not his "actual" earnings as shown by his financial affidavit as filed. The child support as entered was based upon the application of the guideline to the husband's stipulated earning capacity. This case does not involve the typical deviation criteria where the application of the guidelines would be unjust because of the presence of one or more deviations criteria. The issue before Judge Kenefick was based upon facts other than those revealed by the financial affidavit, but the CT Page 14680 order was entered based upon application of the guidelines, without deviation, from a stipulated set of facts. Thus the issue now is whether, in determining the amount of an order under the 1999 guidelines, only the basic support should be used, or the basic support plus any ordered child care expenses. The "child support ordered" as now contemplated by the guidelines would include the contribution towards the child care expenses not only the "current support order" from line 21 of the child support worksheet.
Because the prior guidelines took into account the child care expenses as a deduction from the income of the working parent paying those child care expenses, they were necessarily included in arriving at the child support figure to be ordered by the court. In order to be consistent for purposes of modification pursuant to General Statutes 46b-86a and particularly for the presumption of changes in circumstances because of the deviation of more than 15%, the court should consider the net only current recommended support but also the contribution toward the child care expenses.
Accordingly, in this case the current award including the recommended child support as well as child care contribution would be $130.00 a week which is within 85% of the $150.00 per week order presently in effect and no modification is warranted.
The plaintiff's motion for modification is denied.
McLachlan, J.